[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 7, 2008
THOMAS K. KAHN
CLERK

No. 07-13040
Non-Argument Calendar

_____

D. C. Docket No. 06-00114-CV-HLM-4

WILLIE MAE CAMPBELL,

Plaintiff-Appellee,

versus

MICHAEL LYNCH,
DUSTIN CLAY,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(February 7, 2008)**

Before ANDERSON, BLACK and HULL, Circuit Judges.

PER CURIAM:

Appellee Willie Mae Campbell sued appellant police officers Michael

Lynch and Dustin Clay under 42 U.S.C. § 1983, asserting two claims under the

Fourth Amendment: (1) unlawful entry and (2) excessive force.[1] The district court determined appellants were not entitled to qualified immunity from either of these claims and denied their motion for summary judgment. On appeal, appellants contend exigent circumstances supported their entry into appellee's home. As to the excessive force claim, appellants assert Lynch had authority to place appellee under temporary detention, the force used was *de minimis*, and Clay had no duty to intervene to stop Lynch's use of force.

On appellee's unlawful entry claim, the district court determined no exigent circumstances justified appellants' warrantless entry into appellee's home. The court noted appellants did not receive reports of circumstances that required investigation upon their arrival at appellee's residence. They did not arrive at the scene to find suspicious factors, such as a seemingly empty house or a person at the residence who denied calling 911. Instead, they encountered a domestic disturbance, neutralized the situation, arrested Mr. Campbell, and instructed appellee to go inside her home. The court concluded appellants thereafter encountered no facts that could have reasonably led them to believe human life

---

[1]Appellee also claimed the appellants violated her Fourteenth Amendment right not to be deprived of liberty without due process. The district court granted appellants' summary judgment motion with respect to the Fourteenth Amendment claim. Only the Fourth Amendment claims are currently before us.

was in danger inside the house or an emergency otherwise justified their entry into appellee's residence without a warrant or her consent.

The district court also determined genuine issues of material fact remained as to whether Lynch used excessive force on appellee and whether Clay failed to take reasonable steps to intervene to stop Lynch's use of force. Because appellants did not have a search warrant and no exigent circumstances existed to justify their warrantless entry into appellee's home, the court concluded appellants did not have inherent authority to detain appellee. Furthermore, a reasonable jury could find there was no need for Lynch to use any force on appellee, since appellee had committed no crime and posed no danger to herself or others. A reasonable jury could also conclude the force Lynch used on appellee resulted in severe injury to appellee and was excessive under the circumstances. Finally, a reasonable jury could find Clay failed to take reasonable steps to protect appellee.

The district court next concluded the rights appellants violated were clearly established at the time of the incident. Appellants had fair warning their warrantless, nonconsensual entry into appellee's home violated the Fourth Amendment. Eleventh Circuit law had also clearly established the use of significant force is excessive when there is no need for force and an officer has a duty to intervene to stop another officer's use of excessive force. Thus, Lynch and

3

Clay had fair warning their conduct violated the Constitution. Because appellants violated clearly established law of which a reasonable person would have known, the district court concluded they were not entitled to qualified immunity from suit.

We review the district court's denial of summary judgment based on qualified immunity *de novo*, construing all facts in the light most favorable to the non-moving party. *Tinker v. Beasley*, 429 F.3d 1324, 1326 (11th Cir. 2005). After carefully examining the record and the district court's order, we conclude the district court did not err in its determination. Viewing the facts in the light most favorable to appellee, we agree appellants were not confronted by exigent circumstances that would justify their entering appellee's home without a warrant or her permission. Also, given that appellee had committed no crime and posed no threat to anyone's safety, Lynch's use of force, which resulted in severe injury, was excessive under the alleged circumstances, and Clay should have intervened to stop it. Appellants had fair warning their alleged conduct violated appellee's constitutional rights, and they are not entitled to qualified immunity from suit.

**AFFIRMED.**